at___ O'clock &___ min.___ M
MAR - 8 2011
United States Bankruptcy Court
Columbia, South Carolina (37)

ENTERED
MAR -9 2011
D.L.L.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 10-07801-jw |
| | ) | |
| Daniel Peter Bliek, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER DENYING DEBTORS' MOTION TO DISMISS

This matter is before the Court on the Debtor's Motion to Dismiss Chapter 7 Case (the "Motion to Dismiss"). Based on the evidence in the record and the arguments presented at the hearing on March 3, 2011, the Court denies the Motion to Dismiss. In support of the Court's determination, the Court makes the following Findings of Fact and Conclusions of Law:[1]

## FINDINGS OF FACT

1. On October 29, 2010 ("Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

2. Among other assets, the Debtor owns an interest in certain real property ("Real Property") located at 2112-2114 Devine Street, Columbia, South Carolina and 618-620 Harden Street, Columbia, South Carolina. Prior to the Petition Date, TD Bank, N.A., successor in interest to Carolina First Bank ("Carolina First Bank"), initiated an action in state court to foreclose on certain mortgages on the Real Property and, on October 21, 2010, the state court entered its Order and Judgment of Foreclosure and Sale as to the Real Property. The foreclosure sale had been set for Monday, November 1, 2010, three days after the Petition

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute findings of Fact, they are adopted as such.

2

Date. As of the Petition Date, the amount of Carolina First's claim which is secured by the Real Property was $747,143.37.

3. On November 16, 2010, the Chapter 7 Trustee filed an application for an examination under Bankruptcy Rule 2004, which the Court granted and ordered the Debtor to appear on November 29, 2010. On November 23, 2010, the Court held a status conference and the Debtor indicated he understood he would be required to provide information and attend an examination under Bankruptcy Rule 2004. Although the Debtor was *pro se* when he filed the petition and appeared at the status conference, he had engaged counsel by December 16, 2010.

4. Despite being served with the Order Granting Motion for 2004 Examination, the Debtor failed to attend the examination. Further, on December 3, 2010, the Debtor failed to appear at his originally scheduled meeting of creditors. On December 10, 2010, the Chapter 7 Trustee moved to compel the Debtor's attendance at the examination and for contempt. On December 17, 2010, the Court granted the Trustee's motion to compel attendance and ordered the Debtor to appear at a Rule 2004 examination on December 22, 2010.

5. On December 22, 2010, the Debtor appeared and was examined under Bankruptcy Rule 2004. The Debtor was represented by counsel at the examination. In his examination, the Debtor testified that he was preparing the schedules and statements, with the assistance of counsel.

6. On December 1, 2010, the Chapter 7 Trustee filed separate applications to sell the Real Property. The proposed sales reflected an agreement by Carolina First to a

10% "carve-out" of the gross sale proceeds in order to fund certain administrative costs and a distribution to unsecured creditors. The Debtor filed objections to the noticed sales. At the hearing on the applications to sell on January 6, 2011, however, the Debtor, who was represented by counsel at the hearing, consented to the sales. The Court thereafter conducted an auction of the Real Property at the hearing. On January 14, 2011, the Court entered its Order for Sale of Assets in which it approved the sale of the Harden Street property and the Estate's membership interest in 618 Harden, L.L.C to Martin J. Dreesen for $310,000. On January 18, 2011, the Court entered its Order for Sale of Assets in which it approved the sale of the Devine Street real property to Night Industries 2000, Inc. ("Night Industries") for $540,000 and the personalty located on the property for $16,000 and approved a back-up sale of the Devine Street real property and personalty to H.M. Lees, LLC.[2]

       7.     On January 20, 2011, the Debtor filed the Motion to Dismiss in which he seeks dismissal of his case, effective December 14, 2010, on the basis that he failed to file all of the information required under 11 U.S.C. § 521(a)(1).[3]

       8.     The filing of the Motion to Dismiss has had the effect of delaying the closings and jeopardizing the Real Property sales. Importantly, as stated at the January 6, 2011 hearing on the sale of the Real Property and again at the March 3rd hearing, the Devine Street property was vacant for a period of time prior to the Petition Date and the parties have represented to the Court that if the instant case is dismissed and the property is not sold as

---

[2] The parties thereafter decided not to proceed with the purchase/sale of the personalty as a question has been raised as whether the Debtor's estranged wife or a non-debtor entity owns an interest in such personal property.
[3] All references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, are hereinafter by section number only.

4

previously ordered, there is a substantial risk that the property's nonconforming uses could expire for zoning purposes due to the vacancy, which would substantially decrease the value of the property.

9.      The Chapter 7 Trustee, Night Industries,[4] and Carolina First filed objections to the Motion to Dismiss. In addition, counsel for Mr. Dreesen appeared at the hearing on the Motion and supported the objections filed these parties.

## CONCLUSIONS OF LAW

The Debtor brings this Motion pursuant to Section 521(i)(1) for the reason that he has failed to file all of the information required under that Section within 45 days of the Petition Date. Section 521 is among the provisions amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (2005). Pursuant to Section 521(a), a debtor is required to file a list of creditors and, "unless the court orders otherwise," a schedule of assets and liabilities and certain other financial information. Section 521(i) provides, subject to certain exceptions not applicable here,[5] if the debtor fails to file the required information within 45 days after the petition date, "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1).

---

[4] Night Industries withdrew its Objection when the sale did not close, but a representative of Night Industries was present at the hearing and, according to counsel for Carolina First, remains interested in completing the proposed sale.

[5] One of the exceptions is set forth in Section 521(i)(4), which provides the court may decline to dismiss the case under certain circumstances upon the motion of the trustee before the expiration of the applicable time period. The Chapter 7 Trustee in the instant case filed a motion to waive the Section 521 requirements, but subsequently acknowledged the motion was not timely under Section 521(i)(4) and withdrew the motion.

The issue before the Court is whether, given the "automatic" language used in Section 521(i), the Court has the discretion to deny dismissal after the expiration of the 45-day period. Although courts are split on this issue, this Court agrees with the two circuit courts to reach the issue, which have held that the bankruptcy court has discretion to deny dismissal under Section 521(i)(1), particularly when necessary to avoid abuse by the debtor. See Warren v. Warren (In re Warren), 568 F.3d 1113 (9th Cir. 2009); Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera), 557 F.3d 8, (1st Cir. 2009).

In Warren, the debtor filed a petition under Chapter 7 after a state court issued an order requiring the debtor's bank to turn over $93,330.46 in the debtor's bank account for overdue child support and then, five months after the petition, the debtor sought dismissal under Section 521(i)(1) while the chapter 7 trustee was in the process of investigating his estate. The Ninth Circuit reasoned that, since Section 521(a)(1) granted the power to "order otherwise" and does not include a deadline within which the court must enter such an order, while the 45-day deadline is Section 521(i)(1) was directed to debtors, not the court, and did not address the court's ability to order otherwise, Section 521 was ambiguous. Warren, 568 F.3d at 1117. The court then declined to import into the "order otherwise" provision a limitation that such order must be entered before the 45-day filing deadline, which was consistent with BAPCPA's core purpose to prevent abusive filings. Id. at 1118. To rule otherwise would allow "abusive and manipulative debtors to gain automatic dismissal and thereby encourage bankruptcy abuse." Id. at 1119.

Likewise, in Acosta-Rivera, where the debtor sought dismissal only after the trustee sought to settle a previously-unscheduled lawsuit, the First Circuit held bankruptcy courts have

6

discretion to deny a motion to dismiss under Section 521(i)(1). The First Circuit reasoned that, in light of the fact that the amendments to Section 521 were a part of anti-abuse legislation, the court declined to read the "automatic dismissal" language of Section 521(i)(1) to add a new restriction into the bankruptcy court's discretion to forgive compliance with disclosure requirements which would encourage rather than discourage bankruptcy abuse. Acosta-Rivera, 557 F.3d at 13-14; see also Simon v. Amir (In re Amir), 436 B.R. 1, 25 (B.A.P. 6th Cir. 2010) (holding debtor waived right to move for dismissal under Section 521(i) where he moved only after he discovered his undisclosed assets were going to be liquidated by the trustee); In re Parker, 351 B.R. 790 (N.D. Ga. 2006) (interpreting Section 521 and "automatic dismissal" language and denying debtor's motion to dismiss based on court's authority to "order otherwise").

This Court agrees with the reasoning of the First and Ninth Circuits that, given the anti-abuse purpose of BAPCPA, the Court has discretion to deny a debtor's motion Section 521(i)(1) where necessary to avoid abuse by the debtor. Adopting the Debtor's position that dismissal is automatic would have the unintended result of allowing debtors to use Section 521(i)(1) as an escape hatch to purposefully avoid the requirements of the Bankruptcy Code at the expense of creditors. Here, the Debtor's largest secured creditor, Carolina First, and the Debtor's other creditors are prejudiced if the previously approved sales are not allowed to close. Therefore, the Court denies the Debtor's Motion to Dismiss.

As an additional and alternative ground for the Court's holding, the Court finds the Debtor has waived and is judicially estopped from seeking to dismiss this case under Section 521. Debtor's counsel has acknowledged that she and counsel for the other parties discussed

Section 521 during a recess of the hearing on the Real Property sales and prior to the Debtor consenting to the sales. As such, the Debtor was aware of the Section 521 requirements and, in consenting to the sales going forward, apparently decided not to raise them. Having done so, the Court and the other parties are entitled to rely on the Debtor's position at the sale hearing and the Debtor cannot subsequently change his position in order to gain an advantage over his creditors. See 1000 Friends of Maryland v. Browner, 265 F.3d 216, 226 (4th Cir. 2001) (setting forth requirements of judicial estoppel). Accordingly,

IT IS HEREBY ORDERED THAT the Debtor's Motion to Dismiss is DENIED.

AND IT IS SO ORDERED.

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
March 8, 2011